### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| **v.** | ) | Case No. 2:20-CR-054 |
| | ) | |
| WILBERT STEPHENS | ) | |

### PLEA AGREEMENT

Defendant **WILBERT STEPHENS**, represented by his counsel J. Pete Theodocion, Esq., and the United States of America, represented by Assistant United States Attorney Marcela C. Mateo, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows:

1.   **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to enter a plea of guilty to Counts 1 and 3 of Superseding Indictment, which charges violations of Title 18, United States Code, Sections 373 and 876(c).

2.   **ELEMENTS AND FACTUAL BASIS**

The elements necessary to prove of Count 1 are (1) the Defendant intentionally solicited, commanded, induced, or otherwise endeavored to persuade another person to engage in conduct; and (2) the conduct constituted a federal felony that had as an element the use, attempted use, or threated use of physical force against the person of another.

The elements necessary to prove of Count 3 are (1) the Defendant knowingly used the United States mail to send a true threat to injure the person of another or

kill a person; and (2) the Defendant sent the message with the intent to communicate a true threat or with the knowledge that it would be viewed as a true threat.

Defendant agrees that he is, in fact, guilty of these offenses. He agrees that had the matter proceeded to trial, the Government would have proven beyond a reasonable doubt the following facts, which satisfy each of the offense's required elements: That Beginning on or about July 4, 2020, and continuing until at least August 6, 2020, in Glynn County, within the Southern District of Georgia, **WILBERT STEPHENS,** with the intent that D.J., a person whose identity is known to the grand jury, and other individuals unknown to the Grand Jury, engage in conduct constituting a felony that has an element of the threatened use of physical force against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, did solicit, command, induce and endeavor to persuade D.J. and other individuals to engage in such conduct, that is: to kill Z.B. in retaliation for testimony given at an official federal proceeding, in violation of Title 18, United States Code 1513. All in violation of Title 18, United States Code, Section 373. And further that on or about July 29, 2020, in Glynn County, within the Southern District of Georgia, **WILBERT STEPHENS**, knowingly and willfully caused to be delivered by the Postal Service, according to the directions thereon, a communication, dated July 29, 2020, addressed to Judge L.G.W., 801 Gloucester St, Suite #222, Brunswick, Georgia, who is a United States Judge, and containing a threat to kill Judge L.G.W. All in violation of Title 18, United States Code, Section 876(c).

2

3.   **POSSIBLE SENTENCE**

Defendant's guilty plea to Count 1 will subject him to the following maximum possible sentence:  Imprisonment of not more than 20 years, a supervised release term of not more than 3 years, a $250,000 fine, and such restitution as may be ordered by the Court. Defendant's guilty plea to Count 3 will subject him to the following maximum possible sentence:  Imprisonment of not more than 10 years, a supervised release term of not more than 3 years, a $250,000 fine, and such restitution as may be ordered by the Court. The Court additionally must impose a $100 special assessment per count.

4.   **NO PROMISED SENTENCE**

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range.  The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else.  The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5.   **COURT'S USE OF SENTENCING GUIDELINES**

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense.  The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest.  The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18

U.S.C. § 3553(a), in determining the Defendant's sentence. The Sentencing Guidelines are based on <u>all</u> of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count or Counts to which Defendant is pleading guilty.

6.    **AGREEMENTS REGARDING SENTENCING GUIDELINES**

a.    *Use of Information*

Nothing in this agreement precludes the Government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

b.    *Acceptance of Responsibility*

The Government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the Government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on Defendant's timely notification of his intention to enter a guilty plea.

c.   *Sentence Recommendation*

The Government agrees to recommend a sentence within the sentencing guideline range determined by the Court at sentencing.

4

7.   **DISMISSAL OF OTHER COUNTS**

At sentencing, the Government will move to dismiss any other Counts of the Indictment that remain pending against Defendant.

8.   **FINANCIAL OBLIGATIONS AND AGREEMENTS**

a.   *Restitution*

The amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct. Restitution is not limited to the specific counts to which Defendant is pleading guilty. Any restitution judgment is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction.

b.   *Special Assessment*

Defendant agrees to pay a special assessment in the amount of $100 per count, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

c.   *Required Financial Disclosures*

By the date that Defendant enters a guilty plea, Defendant shall complete a financial disclosure form listing all his assets and financial interests, whether held directly or indirectly, solely or jointly, in his name or in the name of another. Defendant shall sign the financial disclosure form under penalty of perjury and provide that form to the Financial Litigation Unit of the United States Attorney's Office and to the United States Probation Office. Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports with the Court and the United States Probation Office. Defendant also authorizes

5

the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

    d.    *Financial Examination*

Defendant will submit to an examination under oath on the issue of his financial disclosures and assets if deemed necessary by the United States. Such examination will occur not later than 30 days after the entry of Defendant's guilty plea.

    e.    *No Transfer of Assets*

Defendant certifies that he has made no transfer of assets in contemplations of this prosecution for the purpose of evading or defeating financial obligations created by this Agreement or that may be imposed upon him by the Court at sentencing. Defendant promises that he will make no such transfers in the future.

    f.    *Material Change in Circumstances*

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs prior to sentencing in this case. Such notification will be made within seven days of the event giving rise to the changed circumstances, and in no event later than the date of sentencing.

    g.    *Enforcement*

Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. Defendant understands and agrees that the financial obligations imposed by the judgment of the Court in this case will be placed on the Treasury Offset Program so that any federal

payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

9.    **WAIVERS**

    a.    *Waiver of Appeal*

Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

    b.    *Waiver of Collateral Attack*

Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

    c.    *FOIA and Privacy Act Waiver*

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the

7

authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

      d.    *Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver*

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

10.    **DEFENDANT'S RIGHTS**

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

11.    **SATISFACTION WITH COUNSEL**

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented his faithfully, skillfully, and

diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

12. **BREACH OF PLEA AGREEMENT**

If Defendant fails to plead guilty, withdraws or attempts to withdraw his guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the Government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines.   In addition, the Government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement.  Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

13.   **ENTIRE AGREEMENT**

This agreement contains the entire agreement between the Government and Defendant.  The Government has made no promises or representations except those set forth in writing in this Plea Agreement.  The Government further denies the existence of any other terms or conditions not stated herein.  No other promises, terms or conditions will be entered into unless they are in writing and signed by all the parties.

DAVID H. ESTES
ACTING UNITED STATES ATTORNEY

4/16/2021
Date

Karl I. Knoche
Chief, Criminal Division

4·16·21
Date

Marcela C. Mateo
Assistant United States Attorney

10

I have read and carefully reviewed this agreement with my attorney.  I understand each provision of this agreement, and I voluntarily agree to it.  I hereby stipulate that the factual basis set out therein is true and accurate in every respect.


4/15/2021
Date

Wilbert Stephens
Wilbert Stephens
Defendant


I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him.  I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.


4/15/2021
Date

J. Pete Theodocion
Defendant's Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No.  2:20-CR-054 |
| | ) | |
| v. | ) | |
| | ) | |
| WILBERT STEPHENS | ) | |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the Defendant and the Defendant's attorney at a hearing on the Defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by Defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This __7th__ day of __May__ 2021.

HONORABLE J. RANDAL HALL
CHIEF JUDGE, UNITED STATES
SOUTHERN DISTRICT OF GEORGIA